Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDSEY NEVILLE, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> – against – <br><br> ARIZONA BEVERAGES USA LLC *and* BEVERAGE MARKETING USA, INC.*, <br><br> Defendants. | Case No. 2:18-cv-05040 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lindsey Neville ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), brings this Class Action Complaint against Arizona Beverages USA LLC and Beverage Marketing USA, Inc. (together, "Defendants") and respectfully alleges as follows. Plaintiff bases the allegations herein on personal knowledge as to matters related to, and known to, her. As to all other matters, she bases her allegations on information and belief, through investigation of her counsel. Plaintiff believes substantial evidentiary support exists for her allegations and seeks a reasonable opportunity for discovery.

## PARTIES

### Plaintiff Lindsey Neville

1.      Plaintiff Lindsey Neville is a resident of Spokane, Washington.

### Defendant Arizona Beverages USA LLC

2.      Defendant Arizona Beverages USA LLC is a limited liability company organized under the laws of the State of New York.

3.      Arizona Beverages USA LLC's principal executive office is located in Nassau County at 60 Crossways Park Drive West, Woodbury, New York 11797.

### Defendant Beverage Marketing USA, Inc.

4.      Defendant Beverage Marketing USA, Inc., is a corporation organized under the laws of the State of New York.

5.      Beverage Marketing USA, Inc.'s principal executive office is located in Nassau County at 60 Crossways Park Drive West, Woodbury, New York 11797.

## JURISDICTION AND VENUE

### Jurisdiction

6.     The Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, under 28 U.S.C. § 1332(d), which provides for the original jurisdiction of the federal district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff is a citizen of the State of Washington and Defendants are citizens of the State of New York, at least one member of the plaintiff class is a citizen of a State different from Defendants. Further, Plaintiff alleges the matter in controversy is well in excess of $5,000,000 in the aggregate, exclusive of interest and costs. Finally, Plaintiff alleges "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

7.     The Court has personal jurisdiction over Defendants for reasons including but not limited to the following: Defendants are headquartered in New York and, as a result, are essentially at home in New York.

### Venue

8.     Venue is proper in this District because "all defendants are residents of the State in which [this District] is located," and this District is "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1); *see also* § 1391(c)(2), (d).

9.      **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

10.     Defendants market and sell "AriZona" branded beverages.  This action pertains to all of Defendants' sugar-sweetened beverages for which the container size is between 8.5 and 23 ounces ("Products").

11.     Defendants mislead consumers regarding the amount of sugar and calories in the Products by leading consumers to believe there is less sugar and calories than there actually is in a can or bottle of Defendants' Products that are typically consumed in one sitting.

12.     Specifically, Defendants typically represent the sugar and caloric content based upon a serving size of 8 fluid ounces.  This is misleading, as Defendants have no Products that only contain 8 fluid ounces.  Rather, the typical size of Defendants Products are 16 ounces, ***which actually has twice the amount of sugar and calories than Defendants lead consumers to believe.***

13.     Consumers are misled because Defendants sell the Products in what are typically consumed in one sitting (*i.e.* a serving size), but states the amount of sugar and calories for a much smaller amount.

14.     Compounding the confusion is that Defendants' competitors – such as Vitaminwater - list serving sizes based upon the amount typically consumed in one sitting by consumers.  For example, the sugar and caloric content of Vitaminwater's Lemon Ice Tea is listed at 120 calories and 31 grams of sugar ***and is based upon a serving size of one 20 fluid ounce bottle***, which is what a consumer would typically drink in one sitting.  Defendants engaged in unfair competition to the detriment of consumers by refusing to follow the industry standard which is based upon the size of a can or bottle that a consumer would usually drink in one sitting.  Instead, Defendants used a serving size much smaller than the cans or bottles in which its Products are packaged, thereby creating consumer confusion.

15.     Defendants compound this misrepresentation through its marketing and advertising.  For example, the following screenshots from Defendants' website for its "Southern Style REAL BREWED Sweet Tea" are as follows:



*See Sweet Tea*, DRINKARIZONA.COM, https://www.drinkarizona.com/product/sweet-tea.
As seen above, the stated serving size is 8 fluid ounces with 23 grams of sugar and calories.

16.     Yet, despite listing the serving size as 8 ounces, the typical serving size sold in stores (and which would be expected to be consumed in one sitting) is 16 ounces.  Accordingly, the real serving size is not 8 fluid ounces but is, in fact, at least 16 fluid ounces.

17.     The amount of sugar per serving in the 16 ounce bottles is twice the amount stated by Defendants.

18.     Defendants' conduct of marketing and selling its Products in  containers that consumer would drink in one sitting  that are greater than 8 ounces (and hence include more sugar

4

and calories than stated) is deceptive and misleading.

19.     Plaintiff and the Class members reasonably relied to their detriment on Defendants' conduct.

20.     Defendants' misleading and confusing conduct is likely to continue to mislead and confuse reasonable consumers and the general public, as it has already misled and confused Plaintiff and the Class members.

21.     As an immediate, direct, and proximate result of Defendants' misleading and confusing conduct, Defendants injured Plaintiff and the Class members in that they:

   a.     purchased Defendants' Products that they would not have purchased had they known the products more sugar and calories than represented;

   b.     did not receive Defendants' Products that measured up to their expectations, which Defendants created; and

   c.     consumed a beverage that contained significantly more sugar and calories per serving than they thought it would, based on the expectations that Defendants created.

22.     Plaintiff seeks, on behalf of herself and the Class members, an injunction to bring a halt to Defendants' misleading and confusing practice. Additionally, Plaintiff seeks, on behalf of herself and the Class members, return of monies she and the Class members paid for on account of Defendants' misleading and confusing conduct.

## **Plaintiff's Experiences**

23.     During the Class Period, Ms. Neville purchased several of Defendants' Products from retail stores in Bonney Lake and elsewhere in the state of Washington, believing the entirety of the product contained only 23 grams of sugar and 90 calories.  Ms. Neville later found out that this representation was misleading, as the Products she purchased actually contained significantly higher amounts of sugar and calories.

## CLASS ALLEGATIONS

24.     Pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff

brings this action on behalf of herself and a proposed class defined as follows:

> **The Injunctive Relief Class.** All individual consumers who purchased one or more of Defendants' Products in the United States and its territories during the period from September 6, 2014 to the date of class certification.
>
> Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class. The Injunctive Relief Class does not seek any form of monetary relief.

25.     Additionally, pursuant to Rules 23(a) and (b)(3), Plaintiff brings this action on

behalf of herself and a proposed class defined as follows:

> **The Monetary Relief Class.** All individual consumers who purchased one or more of Defendants' Products in the United States and its territories during the period from September 6, 2014, to the date of class certification.
>
> Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

26.     Additionally, pursuant to Rules 23(a) and (b)(3), Plaintiff brings this action on

behalf of herself and a proposed subclass defined as follows:

> **The Washington Subclass.** All individual consumers who purchased one or more of Defendants' Products in the State of Washington during the period from June 13, 2014, to the date of class certification.
>
> Plaintiff asks the Court to adjudicate all remedies through the Washington Subclass.

27.     Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the

Washington Subclass are the "Class."

28.     Excluded from the Class are: (a) Defendants, Defendants' board members,

executive-level officers, and attorneys, and immediate family members of any of the foregoing

persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

29.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

30.     Numerosity; Rule 23(a)(1): The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendants' business, Plaintiff believes there are hundreds, if not thousands, of Class members.

31.     Existence and Predominance of Common Questions of Law and Fact; Rule 23(a)(2), (b)(3): There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

32.     Common legal and factual questions include but are not limited to:

a.     whether Defendants engaged in the course of conduct as alleged herein;

b.     whether Defendants' practices violate applicable law cited herein;

c.     whether Plaintiff and the Class members are entitled to actual damages or other monetary relief; and

d.     whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief.

33.     Defendants engaged in a common course of conduct in contravention of the law Plaintiff seeks to enforce individually and on behalf of the other Class members. Similar or identical statutory violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that

dominate this action. Moreover, the common questions will yield common answers.

34.     Typicality; Rule 23(a)(3): Plaintiff's claims are typical of the Class because Defendants injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendants' misleading and confusing marketing practices; and Plaintiff seeks the same relief as the Class members.

35.     Further, there are no defenses available to Defendants that are unique to Plaintiff.

36.     Adequacy of Representation; Rule 23(a)(4): Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendants. Furthermore, Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

37.     Injunctive or Declaratory Relief; Rule 23(b)(2): The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

38.     Superiority; Rule 23(b)(3): The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

   a.     The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendants' conduct.

   b.     Furthermore, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the

delay and expense to all parties and to the court system and presents a potential for inconsistent, varying, and/or contradictory rulings and judgments (which would establish incompatible standards of conduct for Defendants). By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

39.     **Notice** – Plaintiff and Plaintiff's counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of Washington's Consumer Protection Act
### WASH. REV. CODE §§ 19.86.010–19.86.920
### On Behalf of the Class

40.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

41.     Plaintiff brings this claim against Defendants on behalf of the Class for violation of Washington's Consumer Protection Act, WASH. REV. CODE §§ 19.86.010–19.86.920 ("WCPA").

42.     The WCPA defines "person" to "include, where applicable, natural persons, corporations, trusts, unincorporated associations and partnerships." WASH. REV. CODE § 19.86.010(1).

43.     Plaintiff and the Class members are "persons" under the WCPA because they are natural persons.

44.     The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE § 19.86.020.

45.     To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce,[1] (3) injurious to the public interest, (4) injury to a person's business or property, and (5) causation.

46.     Defendants have engaged in, and continue to engage in, unfair or deceptive acts or practices in violation of section 19.86.020 by marketing and selling Defendants' Products, which misleads and confuses reasonable consumers (including Plaintiff and the Class members) regarding the sugar and caloric content.

47.     Defendants' conduct at issue occurred in "trade" or "commerce" under the WCPA because (i) Defendants sold their Products to Plaintiff and the Class members and (ii) Defendants' conduct of selling their Products within Washington constitutes commerce directly or indirectly affecting the people of Washington.

48.     Defendants' conduct at issue is "injurious to the public interest" because (i) it injured persons other than Plaintiff; (ii) it had the capacity to injure persons other than Plaintiff; and (iii) it has the capacity to injure persons other than Plaintiff. *See* WASH. REV. CODE § 19.86.093(3)(a)–(c). Defendants committed the unfair and deceptive acts described herein in the course of business as part of a pattern and generalized course of conduct. Defendants' unfair and deceptive business acts and practices have affected, and continue to affect, a great many consumers.

49.     Defendants' conduct of marketing and selling its Products in containers that would

---

[1] The WCPA defines "trade" and "commerce" to "include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." WASH. REV. CODE § 19.86.010(2).

be consumed in one sitting led Plaintiff and the Class members to reasonably expect that the Products contained 23 grams of sugar and 90 calories, which, in fact, was not true due to the fact the Products contained twice the amount sugar and calories.

50.     Plaintiff and the Class members would not have purchased the Products at a premium price had they known the products actually contained more sugar and calories.

51.     As a result of Defendants' unfair and deceptive acts and practices at issue, Plaintiff and the Class members have suffered injury to their property because they have suffered financial damages.

52.     Plaintiff seeks, on behalf of the Class members, actual damages, attorneys' fees and costs, and other relief available under Washington Revised Code section 19.86.090.

53.     Plaintiff also seeks, on behalf of the Class members, an order enjoining Defendants' unfair, unlawful, and/or misleading practices; declaratory relief; and any other relief available under the WCPA that the Court deems just and proper. Plaintiff and the Class members will be irreparably harmed unless the Court enjoins Defendants' unlawful, misleading actions.

54.     Therefore, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF STATE CONSUMER PROTECTION STATUTES
### (On Behalf of Plaintiff and All Class Members)

55.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff and Class Members have been injured as a result of Defendant's violations of the following state consumer protection statutes, which also provide a basis for redress to Plaintiff and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

57.     Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

a.      **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.      **Arizona:** Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq.*

c.      **Arkansas:** Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.      **California:** Defendant's practices were and are in violation of California Consumer Legal Remedies Act, Civil Code § 1750, *et seq.*, and California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*, and California's False Advertising Law, California Business and Professions Code § 17500, *et seq.*

e.      **Colorado**: Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

f.      **Connecticut:** Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

g.      **Delaware:** Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

h.  **District of Columbia:** Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

i.  **Florida:** Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq*.

j.  **Hawaii:** Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

k.  **Idaho:** Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

l.  **Illinois:** Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

m.  **Indiana:** Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

n.  **Kansas:** Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq*.

o.  **Kentucky:** Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

p.  **Maine:** Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq*. and 10 Me. Rev. Stat. Ann. § 1101, *et seq*.

q.  **Maryland:** Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq*.

r.  **Massachusetts:** Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.  **Michigan:** Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq*.

t.  **Minnesota:** Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* and the Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq.*

u.  **Missouri:** Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*

v.  **Nebraska:** Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade Practices Act, § 87-302, *et seq.*

w.  **Nevada:** Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.  **New Hampshire:** Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq*.

y.  **New Jersey:** Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*.

z.    **New Mexico:** Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq.*

aa.    **North Carolina:** Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq.*

bb.    **North Dakota:** Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq.*

cc.    **Ohio:** Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq.*

dd.    **Oklahoma:** Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq.*, and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq.*

ee.    **Oregon:** Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq.*

ff.    **Pennsylvania:** Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*

gg.    **Rhode Island:** Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*

hh.   **South Dakota:** Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq.*

ii.   **Texas:** Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*

jj.   **Utah:** Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, *et seq.*

kk.   **Vermont:** Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

a.   **West Virginia:** Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.*

b.   **Wisconsin:** Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, *et seq.*

c.   **Wyoming:** Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101, *et seq.*

58.   Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
**(On Behalf of Plaintiff and All Class Members)**

59.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.     Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendants' Products.

61.     Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiff, on behalf of herself and Class Members, placed Defendant on notice of its breach, giving Defendant an opportunity to cure its breach, which they refused to do.

Defendant breached the express warranty because the Products do not contain the amounts of sugar and calories Defendants lead consumers to believe, but instead contain much higher amounts.

62.     Defendant thereby breached the following state warranty laws:

a.      Code of Ala. § 7-2-313;

b.      Alaska Stat. § 45.02.313;

c.      A.R.S. § 47-2313;

d.      A.C.A. § 4-2-313;

e.      Cal. Comm. Code § 2313;

f.      Colo. Rev. Stat. § 4-2-313;

g.      Conn. Gen. Stat. § 42a-2-313;

h.      6 Del. C. § 2-313;

i.      D.C. Code § 28:2-313;

j.      Fla. Stat. § 672.313;

k.       O.C.G.A. § 11-2-313;

l.       H.R.S. § 490:2-313;

m.      Idaho Code § 28-2-313;

n.      810 I.L.C.S. 5/2-313;

o.      Ind. Code § 26-1-2-313;

p.      Iowa Code § 554.2313;

q.      K.S.A. § 84-2-313;

r.      K.R.S. § 355.2-313;

s.      11 M.R.S. § 2-313;

t.      Md. Commercial Law Code Ann. § 2-313;

u.      106 Mass. Gen. Laws Ann. § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.    Neb. Rev. Stat. § 2-313;

bb.    Nev. Rev. Stat. Ann. § 104.2313;

cc.    R.S.A. 382-A:2-313;

dd.    N.J. Stat. Ann. § 12A:2-313;

ee.    N.M. Stat. Ann. § 55-2-313;

ff.    N.Y. U.C.C. Law § 2-313;

gg.    N.C. Gen. Stat. § 25-2-313;

hh.   N.D. Cent. Code § 41-02-30;

ii.   II. O.R.C. Ann. § 1302.26;

jj.   12A Okl. St. § 2-313;

kk.   Or. Rev. Stat. § 72-3130;

ll.   13 Pa. Rev. Stat. § 72-3130;

mm.   R.I. Gen. Laws § 6A-2-313;

nn.   S.C. Code Ann. § 36-2-313;

oo.   S.D. Codified Laws, § 57A-2-313;

pp.   Tenn. Code Ann. § 47-2-313;

qq.   Tex. Bus. & Com. Code § 2.313;

rr.   Utah Code Ann. § 70A-2-313;

ss.   9A V.S.A. § 2-313;

tt.   Va. Code Ann. § 59.1-504.2;

uu.   Wash. Rev. Code Ann. § 6A.2-313;

vv.   W. Va. Code § 46-2-313;

ww.   Wis. Stat. § 402.313;

xx.   Wyo. Stat. § 34.1-2-313.

63.   As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully requests the Court to enter an Order:

A. certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B. declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

C. declaring that Defendants have committed the violations of law alleged herein;

D. providing for any and all injunctive relief the Court deems appropriate;

E. awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

F. providing for any and all equitable monetary relief the Court deems appropriate;

G. awarding Plaintiff her reasonable costs and expenses of suit, including attorneys' fees;

H. awarding pre- and post-judgment interest to the extent the law allows; and

I. for such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all claims so triable.


Date*: September 6, 2018*                             Respectfully submitted,

By:  */s/ Michael R. Reese*  _____
                                        Michael R. Reese
                                        *mreese@reesellp.com*
                                        George V. Granade
                                        *ggranade@reesellp.com*
                                        **REESE LLP**
                                        100 West 93rd Street, 16th Floor
                                        New York, New York  10025
                                        Telephone: (212) 643-0500
                                        Facsimile: (212) 253-4272

                                        *Counsel for Plaintiff and the Proposed Class*

21